UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | |
| JCF OF LOCKPORT, INC. et al., | ) | CASE NO. 14-08091 |
| | ) | (Jointly Administered) |
| Debtor(s) | ) | Hon. Eugene R. Wedoff |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant:        GREGG SZILAGYI , Chapter 11 Trustee

Authorized to Provide        Estate of JCF OF LOCKPORT, INC.
Professional Services to:

Date of Order Authorizing Employment:    August 6, 2014
Period for Which
Compensation is Sought:        August 6, 2014 - present

Amount of Fees Sought:        $20,000.00

Amount of Expense
Reimbursement Sought:        0.00

This is a(n): Final Application

The aggregated amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: 0.00

DATED:  March 31, 2015        By:  *Gregg Szilagyi*
                                    GREGG SZILAGYI , Trustee

Gregg Szilagyi
542 S. Dearborn Street
Suite 1400
Chicago, IL  60605
Tel:        312-663-0801

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 14-18091 |
| JCF of Lockport., Inc., et al., | ) | Hon. Eugene R. Wedoff |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF GREGG SZILAGYI, AS TRUSTEE**

Gregg Szilagyi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of JCF of Lockport, Inc., and SCF Commercial Flooring, Inc. debtors ("Debtor"), pursuant to sections 326, 330 and 331 of title 11, United States Code (the "Bankruptcy Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of compensation in the amount of $20,000.00 for services rendered by him as trustee in this case from the date of his appointment through April 21, 2015 and reimbursement of $0.00 for expenses incurred in connection with such services. In support thereof, Trustee respectfully states as follows:

### Introduction

1. This case was commenced on January 7, 2014 when creditors filed an involuntary petition against debtor SCF Commercial Flooring, Inc. ("SCF"). On April 21, 2014, an order for relief was entered in the SCF case. On May 13, 2014 debtor JCF of Lockport, Inc. ("JCF") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On October 22, 2014, this Court entered an order substantively consolidating the SCF and JCF cases.

2. On August 6, 2014 this Court entered an order appointing Gregg Szilagyi as trustee and he is the duly appointed, qualified and acting chapter 11 trustee in this case.

### Background

3. The Debtor installs carpeting and flooring for commercial customers, has been in business for approximately seven years and has approximately 10 employees. The Debtor sought bankruptcy relief after a dispute with the Chicago Regional Council of Carpenters Trust Funds (the "Carpenters' Union") over unpaid dues and benefits alleged to exceed $250,000.

4. On or about August 19, 2014 an order was entered by this court granting the motion of the trustee to employ Crane, Heyman, Simon, Welch & Clar as his counsel in this case.

### Prior Compensation

5. This is the first application ("Application") for allowance of compensation filed by the Trustee in this case.

6. The Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case.

### Services Rendered by Trustee

7. Since his appointment in this case, the Trustee has performed actual, necessary and valuable services on behalf of the Estate with a total value of $46,050.00. Itemized billing statements describing the Trustee's services are attached hereto as Exhibit A. Those services are described as follows.

8. Upon his appointment, the Trustee met with the various constituents in this case, including the Carpenters' Union and the Debtor, to determine the appropriate course of action. Following these meetings, the Trustee decided that it was in the Estate's best interest to operate the Debtor's business going forward and to determine whether a plan of reorganization was feasible or confirmable. In the meantime, the Trustee took control of the Debtor's funds and accounts, met with the Debtor's owner (and *de facto* general manager) on a weekly basis to

determine and review scheduling of jobs, staffing levels, supply purchases, accounts receivable billing and collection, accounts payable, payroll and tax filings and payments and preparation of monthly operating reports.

9. After the Trustee stabilized the Debtor's operations and finances, it became apparent that the case was essentially a two-party dispute that was perhaps best resolved outside of Court and not through a plan of reorganization. As a result, and after further consultation with the parties, the Trustee filed a motion to convert or dismiss this case, which the Trustee intends to be heard by the Court concurrently with this Application.

### Funds Collected and Disbursed by Trustee

10. The Trustee has disbursed to creditors the approximate sum of $659,269.00 in this case from his appointment in August, 2014 through February, 2015. See Trustee's Monthly Operating Reports at docket nos. 91, 93, 100, 101, 108, 109 and 114. Additionally, the Trustee has disbursed another $96,006.00 during March, 2015 for a total amount disbursed as of this date of $755,275.00.

### Compensation Requested

11. Since his appointment in this case, the Trustee has spent 92.10 hours rendering services on behalf of this Estate with a value of $46,050.00.

12. The maximum compensation allowable to the Trustee pursuant to section 326 of the Bankruptcy Code and based upon the disbursements listed above, is as follows:

| | |
|---|---|
| 25% of the first $5,000.00 collected | $ 1,250.00 |
| 10% of the next $45,000.00 collected | $ 4,500.00 |
| 5% of the next $950,000.00 collected | $ 35,263.00 |
| 3% of the balance | $ 0.00 |
| Total Compensation Allowable | $ 41,013.00 |

13. Based upon the caliber of the services rendered by the Trustee, the results achieved, and the difficulties presented in this case, Trustee requests allowance of compensation for his services rendered as trustee from the time of his appointment through April 21, 2015 in the amount of $20,000, representing a discount of more than 50% of the maximum amount the Trustee could request pursuant to 11 U.S.C. §326. The Trustee believes that, under the circumstances, this amount is reasonable compensation for the services rendered and the results achieved in this case.

14. The Trustee does not seek reimbursement for any out of pocket expenses incurred on behalf of the Estate, including any additional reimbursement for charges such as copies, fax, long distance telephone, messenger services and other office expenses typically considered "overhead."

15. Trustee requests that he be authorized to pay the compensation awarded by the Court from Estate funds in his possession.

**WHEREFORE**, Gregg Szilagyi, as Chapter 11 trustee of SCF Commercial Flooring, Inc. and JCF of Lockwood, Inc., debtors herein, requests the entry of an order providing the following:

4

   A. Allowing to the Trustee compensation in the amount of $20,000.00 for actual and necessary services rendered on behalf of this Estate from the time of his appointment through April 21, 2015;

   B. Authorizing Trustee to immediately pay the amount allowed pursuant hereto from Estate funds in his possession; and

   C. For such other and further relief as this Court deems appropriate.

Dated: March 31, 2015

          Gregg Szilagyi, as trustee


          By: /s/ Gregg Szilagyi
             Gregg Szilagyi

Gregg Szilagyi
542 South Dearborn Street
Suite 1400
Chicago, IL  60605
(312) 663-0801

5